UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PSYCHOPATHIC RECORDS
INC., et al.,

        Plaintiffs,        CIVIL ACTION NO. 08-13407-DT

  vs.

                            DISTRICT JUDGE STEPHEN J. MURPHY III

JEFFERY S. ANDERSON,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

This matter comes before the Court on Plaintiffs' Motion for Leave to Take Immediate Discovery filed on October 9, 2008. (Docket no. 8). Defendant has not filed a Response, and the time for responding has now expired.[1] (Docket no. 13). This motion was referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

    **1.**    **Facts and Claims**

Plaintiffs, copyright owner and licensee, claim that Defendant improperly obtained at least six U.S. copyright registrations which are derivative and infringing works of the Plaintiffs'

---

[1] Plaintiffs filed this motion as an ex parte motion. This designation apparently refers to the fact that Plaintiffs seek to discover the identity of third parties with whom it is alleged the named Defendant corresponded regarding the named Defendant's copyright infringement by selling merchandise and products bearing the infringing works. As to the named Defendant, the Motion should not be considered ex parte because Plaintiffs' motion was served on him according to Plaintiff's certificate of service, Plaintiffs certify that they unsuccessfully sought concurrence from the named Defendant for the relief sought in this motion, and because this Court's Order filed on October 28, 2008 notified Defendant of this motion. (Docket no. 13).

-1-

previously registered HATCHETMAN design and copyright. (Docket no. 1). Plaintiffs also claim that Defendant has engaged in copyright infringement by selling merchandise bearing the infringing works on the internet. (*Id*.; docket no. 8). Plaintiffs further allege that Defendant has used three email addresses to facilitate communications, representations, and sales of his infringing goods in interstate commerce to third parties, as well as having others manufacture the infringing goods to then be resold by Defendant. (Docket no. 8 at 2). The three email addresses at issue are: drama669@yahoo.com, ebayninja4@yahoo.com, and drama669@hotmail.com. (*Id*.).

By this Motion, Plaintiffs seek leave to serve subpoenas under Fed. R. Civ. P. 45 upon two third party internet service providers, Yahoo! and Hotmail, to obtain and preserve the Defendant's email correspondence to third parties relating to this action so that Plaintiffs may assess the amount of Defendant's third party contacts and sales of infringing products. (*Id*.). Plaintiffs allege that exhibit A to their motion shows that Defendant is currently selling infringing goods through at least one website, strictlyunderground.bigcartel.com, in which the Defendant's drama669@yahoo.com email address is given as a point of contact pertaining to the sale and payment of infringing goods. (*Id.* at 2-3). This discovery will likely allow Plaintiffs to identify any other necessary co-defendants or the extent of Defendant's alleged infringing activity, according to Plaintiffs. (*Id*. at 3).

**2. Standard**

Under Fed. R. Civ. P. 26(d)(1) a party may not normally seek discovery from any source before the parties have conferred as required by Rule 26(f).[2] An exception is made for those instances where a court orders such discovery. Courts in this circuit require the party seeking such

---

[2] The docket sheet shows that the Rule 26(f) conference has not yet occurred. In addition, the Clerk has entered the default of Defendant (docket no. 10), and Plaintiffs' have moved for a default judgment against Defendant. (Docket no. 12). That motion is pending at this time.

expedited discovery to show good cause. *Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc.*, 2008 WL 2923426 (W.D. Mich. July 24, 2008); *Arista Records, LLC v. Does 1-4*, 2007 WL 4178641 (W.D. Mich. Nov. 20, 2007); *Quest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The good cause standard may be satisfied where a party asserts claims of infringement and unfair competition. *Quest Commc'ns*, 213 F.R.D. at 419. Courts retain the broad discretion to supervise such discovery. (*Id.*).

**3. Analysis**

Plaintiffs allege copyright infringement and unfair competition in their Complaint. (Docket no. 1). This is therefore the type of case recognized as appropriate for expedited discovery. Exhibit A of Plaintiffs' Motion shows that the email address drama669@yahoo.com is connected to the sale of the allegedly infringing goods. (Docket no. 8 ex. A). This same email address is the one used by Defendant in his correspondence with GSI Hosting, Plaintiffs' website hosting company. (Docket no. 1 ex. D). Therefore, Defendant is connected to this email address and that address is connected with the allegedly infringing activity.

Plaintiffs allege that they require expedited discovery because there is a very real danger that the internet service providers, Yahoo! and Hotmail, will not preserve the information that Plaintiffs seek for an indefinite period of time or even any known amount of time. (Docket no. 8 at 5). Courts have recognized the possibility of evidence being destroyed with the passage of time as a factor which may show good cause for granting expedited discovery. *Qwest Commc'ns*, 213 F.R.D. at 419. Plaintiffs also allege that their request is narrowly tailored to only seek the discovery that is warranted at this early stage of the litigation. (Docket no. 8 at 5). The Court finds these arguments to be convincing.

Plaintiffs have shown good cause to grant leave for them to conduct the requested expedited discovery for the email address drama669@yahoo.com. This address is directly connected to the allegedly infringing activity and to the named Defendant. However, Plaintiffs have not made any showing that the other two email addresses, drama669@hotmail.com and ebayninja4@yahoo.com, have any connection to Defendant or to the allegedly infringing activity. Therefore, Plaintiffs' motion will be denied as to those two addresses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Take Immediate Discovery (docket no. 8) is **GRANTED** for the email address drama669@yahoo.com, but is otherwise **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 07, 2008    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 07, 2008    s/ Lisa C. Bartlett
Courtroom Deputy