UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PSYCHOPATHIC RECORDS, INC. and
CARNIVAL TRADE, INC.,

      Case No. 08-cv-13407

    Plaintiffs,

      HONORABLE STEPHEN J. MURPHY, III

v.

JEFFERY S. ANDERSON,

    Defendant.
                               /

**OPINION ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT** (document no. 12)**, DENYING AS MOOT
PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE** (document
no. 15) **AND DEFENDANT'S MOTION FOR REVIEW OF COPYRIGHT** (document
no. 19)**, AND SETTING A DISCOVERY DEADLINE ON THE ISSUE OF DAMAGES**

    One of the plaintiffs in this suit, Carnival Trade, Inc. ("Carnival"), is the owner of U.S. Copyright VA 1-267-132. This copyright, known as the "Hatchetman" design, is a logo associated with the hip hop duo Insane Clown Posse. The "Hatchetman" figure is a stylized silhouette of a running man with spiky hair and a goatee, who is holding what appears to be a meat cleaver. Carnival sells various items of clothing and other goods bearing the Hatchetman logo.

    The defendant, Jeffery Anderson, holds six copyrights, numbered VAu720-359, VAu729-539, VAu731-213, VAu738-532, VAu750-583, and VAu753-629. Each of these copyrighted figures bears a striking resemblance to Carnival's Hatchetman. In this suit, Carnival claims (1) that its Hatchetman copyrights predates any of Anderson's copyrights, (2) that Anderson's copyrights are intentional copies of its Hatchment figure, and are "derivative works" within the meaning of 17 U.S.C. sec. 101, (3) that Anderson filed and received these copyrights without its approval, and (4) that Anderson's creation and

marketing of these figures, as well as his sale of goods bearing them, infringes upon its rights under the Hatchetman copyright.

Carnival also alleges that Anderson has asserted that the situation is just the opposite, and that the Hatchetman copyright infringes upon his own rights. Accordingly, Anderson has contacted the firm that hosts Carnival's Internet site, from which it sells its Hatchetman merchandise, and demanded that the site be disabled. Carnival alleges that this situation, in which Anderson's putative copyrights and goods compete with its own, is causing it continuing and irreparable harm, and accordingly requests various types of declaratory and injunctive relief as against Anderson.

No attorney has filed an appearance in this Court on Anderson's behalf, and he has not filed an answer to the complaint. He has, however, submitted four letters to the Court, in which he repeatedly states that he will obtain counsel as soon as he is able to obtain funds. Anderson has also filed a "motion for review of copyright." This motion, filed on January 22, 2009, is Anderson's most recent submission to this Court. The Clerk of Court entered a default as to Anderson on October 14, 2008. On October 23, plaintiffs moved for a default judgment, and on December 11, 2008, they moved for an order to show cause why the default judgment should not be granted. Anderson has not responded to either motion.

On December 15, 2008, Anderson did send a letter to the Court requesting that an attorney be appointed to represent him. The Court is not inclined to grant such a request in an essentially commercial dispute like this one. This is especially the case here, where Anderson appears to have struck the first blow by attempting to interfere with Carnival's online merchandise sales, assumed an unduly aggressive tone in correspondence with Carnival's counsel, see document no. 1-7, and then failed to properly respond to this

2

lawsuit for over three months after being served, and more than two months after being declared in default.

Pursuant to Federal Rule of Civil Procedure 55, in cases where a defendant is in default but the plaintiff's claim is not for a sum certain, a default judgment can be entered only on a plaintiff's application to the Court. In order to enter judgment, the Court must then ascertain what kind and amount of relief is appropriate. As plaintiffs' motion for a default judgment is currently before the Court, such an inquiry is necessary here.

In their unopposed motion for default judgment, the plaintiffs seek several types of relief. First, plaintiffs request a declaratory judgment that Anderson's six putative copyrights are invalid, and that he lacks any valid rights in their subject matter. As the holder of the Hatchetman copyright, Carnival has the exclusive rights under 17 U.S.C. sec. 106 to prepare or authorize derivative works. Furthermore, pursuant to 17 U.S.C. sec. 103(a), "protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully." As it does appear that the subject matter of each of Anderson's putative copyrights is a derivative work of the Hatchetman copyright, the Court agrees that he has no copyright protection or other rights in any of them, and will enter the requested declaratory judgment.

Second, plaintiffs ask the Court to enjoin Anderson from making any further representations or suggestions to any third party that he has rights in the subject matter of his putative copyrights. Plaintiffs have adduced correspondence from the Web hosting service evidencing Anderson's attempts to halt the sale of Hatchetman goods. Document no. 1-6. 17 U.S.C. sec. 502(a) authorizes this Court to grant such injunctions as it deems "reasonable to prevent or restrain infringement of a copyright." The Court finds the injunction requested by the plaintiffs here to be a reasonable one, and will enter it.

Third, plaintiffs request an injunction prohibiting Anderson or anyone associated with him from in any way using or exploiting the Hatchetman design, or any derivative work or reproduction, or holding themselves out in any way as being associated with the plaintiffs. Although the Court finds some of plaintiffs' proposed injunctive language to be somewhat overbroad, it nonetheless also deems this type of injunction to be reasonable, and will enter it.

Fourth, plaintiffs request that Anderson be ordered to produce for impoundment and destruction all infringing goods and other materials bearing the Hatchetman design, or a derivative or imitation design. The additionally request that the Court order the United States Marshal to seize such goods in order to prevent their destruction or movement out of this District. 17 U.S.C. sec. 503(b) authorizes this Court to order the destruction of "all copies . . . found to have been made or used in violation fo the copyright owner's exclusive rights." The Court agrees that destruction of the materials is an appropriate remedy in this case, but will give the defendant the opportunity to produce the offending goods before ordering their seizure by the Marshal.

Fifth, plaintiffs ask that the Court order Anderson to file, within 30 days of the entry of the injunction, a report setting forth his compliance. It is the Court's preference not to engage in such detailed supervision of the execution of its judgments. Should plaintiffs be dissatisfied with Anderson's compliance, they will be free to move for contempt sanctions against him. In the Court's view, this traditional remedy will be adequate to ensure his cooperation.

Sixth, plaintiffs request an accounting of the profits Anderson earned from his acts of infringement, as well as either actual damages in an unspecified amount or statutory damages pursuant to 17 U.S.C. sec. 504, at the plaintiffs' option. The Court is in

possession of little or no evidence as to either any ill-gotten profits obtained by Anderson or damages suffered by plaintiffs in this episode. Accordingly, the Court will permit the parties to engage in a relatively brief period of discovery on the question of damages. At the end of this period, the plaintiffs will be required to elect between actual and statutory damages, as permitted by 17 U.S.C. sec. 504, and to explain whether an accounting is an appropriate additional remedy, and if so why.

Seventh and finally, plaintiffs assert a claim for attorneys' fees under 17 U.S.C. sec. 505, which grants the Court discretion to make such an award in copyright-infringement cases. They also seek treble damages under 15 U.S.C. sec. 1117, and attorneys' fees under the same section, which permits such an award "in exceptional cases." In light of the defendant's apparent inability to pay even for his own lawyer, the Court is not inclined to award attorneys' fees or multiple damages in this case, but regards this decision as being better made once the remainder of plaintiffs' claimed damages are clarified. When the plaintiffs file the election described above, they may also submit further briefing and evidence as to the legal and factual propriety of an award of fees or multiple damages.

**WHEREFORE,** it is hereby **ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. Plaintiff's motion for an order to show cause and defendant's motion for review of copyright are **DENIED AS MOOT.**

It is further **ORDERED** that defendant Jeffery Anderson is **ENJOINED**, as follows:

(1) Anderson shall not make any statement or representation declaring, suggesting, or implying that he or anyone associated with him owns or holds any rights superior to those of the plaintiffs in the subject matter of his copyright filings, numbers VAu720-359, VAu729-

5

539, VAu731-213, VAu738-532, VAu750-583, and VAu753-629, or that those filings in any way give him the right to restrict or impede plaintiffs' transactions with respect to the Hatchetman design.

(2) Anderson shall not manufacture, display, promote, disseminate, or sell any goods incorporating the Hatchetman design or any works derivative of the Hatchetman design. This includes goods incorporating the subject matter of copyright numbers VAu720-359, VAu729-539, VAu731-213, VAu738-532, VAu750-583, and VAu753-629, or any imitation or derivative thereof.

(3) Anderson shall not make any statement or perform any act suggesting that he, the subject matter of the copyrights listed above, or any goods manufactured by him incorporating that subject matter, are associated or authorized either directly or indirectly by the plaintiffs, or by anyone associated with the plaintiffs.

(4) Anderson shall promptly produce to plaintiffs' counsel all goods, advertising and promotional materials, and any other materials in his possession or control, that incorporate the Hatchetman design or any work derivative thereof, including incorporations of the copyrights listed above and any imitative or derivative thereof.  Anderson shall similarly produce all such goods in the possession or control of persons or entities associated with him.  Anderson's failure to comply with this order in good faith, and to cooperate with plaintiffs' counsel on the same basis, shall result in sanctions being levied against him by the Court.

It is further **ORDERED** that discovery on the question of plaintiffs' damages shall cease by 75 days from the date of this order.  Within 90 days of the entry of this order, plaintiffs shall file on the docket an election between actual damages and statutory damages.  Should the plaintiffs elect statutory damages and still wish to pursue the additional remedy of an accounting, this filing should include briefing as to why that additional remedy is appropriate in this case.  Should plaintiffs elect actual damages and profits, their election should be accompanied by a motion for summary judgment or default judgment on the amount of damages, should they choose so to move.  This filing may also include briefing on the propriety of multiple damages and attorneys' fees in this case.

    **SO ORDERED.**

                                s/Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: August 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2009, by electronic and/or ordinary mail.

                                Alissa Greer
                                Case Manager