UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PSYCHOPATHIC RECORDS, INC.
and CARNIVAL TRADE, INC.,

    Plaintiffs,

v.

JEFFERY S. ANDERSON,

    Defendant.
                                   /

Case No. 08-cv-13407

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
SET ASIDE DEFAULT JUDGMENT** (docket no. 27) **AND DENYING
DEFENDANT'S MOTIONS TO DISMISS** (docket nos. 25, 29, 34, and 38)
**AND MOTION TO REFUSE PLAINTIFF'S EXTENSION** (docket no. 31)

This is an intellectual property matter that comes before the Court on Defendant Jeffery Anderson's ("Anderson") motion to set aside the default judgment. Plaintiffs have responded to the motion. Having reviewed the briefs, the Court concludes that a hearing on this motion is unnecessary, and will decide the motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will deny Anderson's motion.

**BACKGROUND**

Plaintiffs Psychopathic Records, Inc. and Carnival Trade Inc. ("Plaintiffs") brought this action seeking to enjoin Anderson from selling goods utilizing a copyrighted design owned by Carnival. Carnival's design, known as the "Hatchetman design," is a stylized silhouette of a running man with spiked hair and a goatee, who is holding what appears to be a meat cleaver. *See* Compl. ¶ 1. Psychopathic Records owns a license to use the design in connection with the sale of various goods that bear the design. Anderson has used the Hatchetman design without permission in his own business ventures, thereby infringing

Plaintiffs' copyright. Anderson claims that Plaintiffs' copyrights are invalid because the Hatchetman design resembles earlier copyrighted designs owned by third parties.

On October 14, 2008, after Anderson failed to plead or otherwise defend this action, the Clerk entered default as to Anderson. Nine days later, on October 23, 2008, Plaintiffs filed a motion for default judgment to which Anderson failed to respond. The Court granted Plaintiffs' motion, in part, and entered partial judgment in its favor. Months later, Anderson filed a motion seeking to set aside the default judgment.

## DISCUSSION

I. <u>Anderson's Motion to Set Aside the Default Judgment</u>

Rule 55(c) of the Federal Rules of Civil Procedures provides that a court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). When a defendant seeks relief from an entry of default, a court must consider three equitable factors to determine if "good cause" has been shown: 1) whether it was defendant's culpable or willful conduct that led to the default; 2) whether the defendant has a meritorious defense; and 3) whether the plaintiff will be prejudiced by setting aside the default. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (*citing United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). The rules are different, however, when an entry of default has ripened into a default judgment. As the Sixth Circuit recently reiterated:

> [W]hen an entry of default has ripened into a default judgment, we must consider the equitable factors first enunciated in *United Coin Meter* and determine whether the [defendant] has met the stricter requirements of Rule 60(b). Public policy favoring the finality of judgments is reflected in the more specific requirements of Rule 60(b) that apply once an actual default judgment has been entered and damages have been calculated.

*Id.* at 832 (internal citations and quotations omitted). Thus, it is settled that in order for a court to set aside a default judgment, it must consider the equitable factors enumerated in

*United Coin Meter*, *and* find that the judgment satisfies one of the subsections in Rule 60(b). *See Thompson v. Am. Home. Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Principles of judicial economy suggest that if there is no basis for setting aside the judgment under Rule 60(b) then a court need not consider the *United Coin Meter* factors at all. Accordingly, the Court will begin its analysis with the issue of whether relief from judgment is warranted under Rule 60(b). *See, e.g.*, *That's Entertainment, Inc. v. Club Images, Inc.*, 178 F.R.D. 143, 146 n. 10 (E.D. Mich. 1997) ("[F]or the reasons stated *infra*, this court finds that there is no basis under Rule 60(b) for granting defendant relief. Accordingly, this court need not consider if the Rule 55 equitable factors cut in favor of relieving plaintiff from the default judgment."); *Sparton Engineered Products, Inc. v. Cable Control Techs., Inc.*, 178 F.3d 1296, **4 (6th Cir. 1999) (unpublished table decision) ("Because we find that [defendant] has failed to show a persuasive reason for [Rule 60(b) relief], we need not consider the remaining factors set out in *United Coin Meter*."); *see also Thompson*, 95 F.3d at 433-34 (considering district court's decision to set aside judgment under Rule 60(b) before considering its treatment of the equitable factors); *Burrell*, 434 F.3d at 832-35 (same).

    A. <u>Anderson's Motion is Not Timely</u>

As a preliminary matter, the Court finds that Anderson's Rule 60(b) motion is untimely. A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c). What constitutes a reasonable time depends on the facts and circumstances of each case, *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006), and a court should consider whether the party has a good reason for its failure to take appropriate action sooner, whether the party opposing the motion has been prejudiced by the delay. *See* 11

Wright, Miller, and Kane, Federal Practice and Procedure § 2866, at 382-383 (2d ed. 1995).

Anderson does not even attempt to identify any reason for his failure to move to set aside the default judgement until five months after it was entered. This by itself is sufficient for the Court to find his motion untimely.[1] *See, e.g., Days Inn*, 445 F.3d at 906 (finding that defendant's Rule 60(b) motion was not timely when he "[did] not even attempt to identify any good reason for not filing his motion until more than eleven months after being properly served with the complaint and the default judgment motion."). Instead of providing a reason for his delay, Anderson simply blames opposing counsel for obtaining a default judgment against him, claims opposing counsel was deceitful in doing so, and contends that he in fact did respond to the complaint and motion for default judgment. None of these assertions demonstrates sufficient justification for Anderson's failure to move to set aside the judgment sooner.

This is not a case in which the defaulting party had no notice of the judgment for long period of time before filing a rule 60(b) motion. Anderson provides no proof that he was not aware of the Plaintiffs' motions and the Court's resulting judgment, and the Court will not assume he not aware. Because Anderson has failed to justify his delay, the Court need not consider whether Plaintiffs were prejudiced by the delay, and concludes that

---

[1] Nearly four months after entry of the default judgment, Anderson filed a motion in which he requests, *inter alia*, "removal of the judgment against me." *See* docket no. 25. In the motion, however, Anderson primarily asks the Court to *dismiss the action* on the grounds of opposing counsel's misconduct, and provides no argument supporting his request to set aside the default judgment. The Court does not construe this as a motion for relief under Rules 55(c) and 60(b) because Anderson provides no discussion of why the judgment should be set aside. Even if the Court were to construe the motion as one for relief under Rule 55(c), the motion would be untimely for the same reasons the Court identifies herein.

Anderson's motion is untimely. *See, e.g., id.* (dispensing with prejudice analysis after finding no justification for delay).

B. Anderson has Failed to Demonstrate Any Ground for Relief from Judgment

Even assuming Anderson's motion was timely filed, the Court would deny it on the merits. Rule 60(b) provides that a court may set aside a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (3), (6). Although Anderson does not cite Rule 60(b) or any of its subsections in his motion, the Court finds that the only subsections of the Rule that would potentially apply here are (1), (3), and (6). The Court will address each in turn.

1. Subsection (1)

Subsection (1) provides that judgment may be set aside in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. R. 60(b)(1). In addition to making a showing on one of these options, to be relieved from judgment under subsection (1), the defendant must also demonstrate he has a meritorious defense. *See Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980); *Rice v. Consolidated Rail Corp.*, 67 F.3d 300, *3 (6th Cir. 1995) (unpublished table decision); *Merriweather v. Wilkinson*, 83 Fed. Appx. 62, 63 (6th Cir. 2003) (unpublished).

In cases not heard on the merits, whether the neglect of a defaulting party is "excusable" depends on the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith. *See Burrell*, 434 F.3d at 833. Although Courts should apply Rule 60(b) liberally, and particularly

so when a default judgment results from an honest mistake rather than from willful misconduct, carelessness, or negligence, *see United Coin Meter*, 705 F.2d at 845, the carelessness or ignorance of the law on the part of the defaulting party cannot justify relief under Rule 60(b). *See Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 558 n. 1 (6th Cir. 1996).

Anderson has not shown that the default judgement was the result of a mistake, inadvertence, surprise, or excusable neglect. The cause for the entry of default and subsequent judgment by default was solely a result of Anderson's conduct throughout the litigation. Anderson was aware of the litigation and its seriousness from its inception. The summons personally served on Anderson directed him to file an answer within 20 days of receiving service. *See* docket no. 6. He did not do so, and was declared in default. Three months after being served, and two months after being declared in default, Anderson submitted three letters directly to the Court advising that he would obtain counsel as soon has he could afford it. Despite Anderson's awareness of the proceedings and their severity, and despite the substantial period of time during which Plaintiffs' motion for default judgment remained pending, Anderson never once filed a response to Plaintiffs' complaint or motion. In fact, Anderson completely ignored the Plaintiffs' motion and instead filed his own motion asking the Court to review the copyrights at issue. *See* docket no. 19.

Additionally, prior to the Court's entry of default judgment, Plaintiffs even gave Anderson an additional opportunity to oppose their default judgment motion. Specifically, Plaintiffs filed a motion for an order to show cause as to why the motion for default judgment should not be granted as unopposed, thereby putting Anderson on further notice that his failure to oppose the motion would have consequences. Anderson chose not to respond to this motion as well.

The only conclusion the Court can draw from Anderson's conduct, in light of his awareness of the proceedings and lack of any justification for not responding to the motions, is that he willfully attempted to thwart the judicial process and intended to delay entry of judgment against him. At the very least, he was careless in his actions. Carelessness on the behalf of the defaulting party, however, is not grounds for granting relief from judgment under Rule 60(b)(1). Indeed, a court *abuses its discretion* when it sets aside a default judgment on the grounds that the defaulting party was careless in defending the action. *Cf. FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) ("In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable rules of court." (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir.1993)). Anderson has not demonstrated his entitlement to relief under Rule 60(b)(1), so the Court need not consider whether he has a meritorious defense. *See, e.g. Rice*, 67 F.3d at *6 n. 2 ("[I]n this case it is not necessary to determine the presence of [a meritorious] defense because we conclude that plaintiffs cannot establish the presence of 'mistake, inadvertence, surprise, or excusable neglect.' Fed. R. Civ. P. 60(b)(1).")

2. Subsection (3)

Anderson has also failed to demonstrate entitlement from relief under Rule 60(b)(3) -- because of fraud, misrepresentation, or misconduct by an opposing party. Anderson makes wild accusations regarding the misconduct of Plaintiffs' counsel but offers no evidence in support. He also claims that opposing counsel obtained the judgment through fraud. For purposes of Rule 60(b)(3), fraud is defined as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to

7

induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008). A party seeking relief from a judgment on the basis of fraud must establish the existence of fraud by clear and convincing evidence. *See id.* at 454. Anderson claims opposing counsel represented to the Court that Anderson never responded to the motion. Although Anderson did mail letters to the Court, none of them even arguably responded to the default judgment motion or the motion for an order to show cause. So, even if Plaintiffs' counsel did represent that Anderson never responded to the motions in seeking a clerk's entry of default, such representations did not include any false statements of fact that would support a claim of fraud. Therefore, Anderson has not established entitlement to relief under Rule 60(b)(3).

    3. <u>Subsection (6)</u>

Finally, Anderson has not demonstrated his entitlement to relief under rule 60(b)(6), which allows a Court to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. R. 60(b)(6). Subsections (b)(1) and (b)(6) are mutually exclusive. As the Sixth Circuit recently stated:

> We have observed that these two clauses are mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir.1990). Were it otherwise, our decisions involving the first five clauses of Rule 60(b) – *FHC Equities*, for example – would lose much of their force, as a party who failed to meet the prerequisites for relief under one of these provisions could simply appeal to the "catchall" of subsection (b)(6).

*McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002). "Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quotations omitted) (emphasis in original).

8

In *McCurry*, for example, the Sixth Circuit concluded that the circumstances in the case did not warrant relief under Rule 60(b)(1). *Id.* at 596. Taking up the defaulting party's claim that relief was alternatively warranted under subsection (b)(6), the court stated:

> Given the precise fit between the circumstances presented here and those addressed in Rule 60(b)(1), and given our conclusion that subsection (b)(1) affords no basis for relief from the District Court's order of dismissal in this case, it clearly would be inappropriate to invoke subsection (b)(6) to grant relief that is foreclosed under subsection (b)(1).

*Id.*

The principle in *McCurry* is directly applicable here. Just as in *McCurry*, the grounds advanced by Anderson as justifying relief from the Court's partial judgment "fit quite comfortably within the range of circumstances addressed in Rule 60(b)(1) [and (b)(3)]." *Id.* at 595-96. In short, there are no unusual or extreme circumstances in this case that would permit the Court to set aside the judgment under Rule 60(b)(6).[2]

II. <u>Anderson's Remaining Motions</u>

While in default, Anderson has filed numerous motions lacking in merit. *See* docket nos. 25, 29, 34, and 38. In each motion, Anderson moves the Court to dismiss the Plaintiffs' complaint on various grounds mainly involving the alleged misconduct of Plaintiffs' counsel. The arguments presented in these motions, however, are barred from consideration due to Anderson's default. Once a default is entered against a party, the party is deemed to have admitted all of the well pleaded allegations in the complaint, *Ford Motor Co v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. and Dev. Co. v. U.S. Fidelity & Guar.*, 661 F.2d 119, 124 (9th Cir. 1981)), and may no longer challenge the allegations in the complaint.

---

[2] Because the Court finds that Anderson has not demonstrated that there is reason to set aside the default judgment under Rule 60(b), the Court need not address the remaining *United Coin Meter* factors. *See, e.g., That's Entertainment*, 178 F.R.D. at 146 n. 10.

Even if the Court were to consider Anderson's motions, the only potentially relevant argument Anderson makes is that Plaintiffs' copyright of the design is invalid because of the design's similarity to prior copyrighted designs owned by third parties. This argument is not availing. As an initial matter, assuming that similarity between two works of art was enough to render invalid the copyright of the latter work (as Anderson claims), then Anderson's copyrights would also be invalid because his works too are similar to the prior copyrighted works. And, were this the case, Anderson would have argued away his standing to seek a declaration that Plaintiffs' copyright is invalid, because such a declaration would not redress any injury to Anderson. *See Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir. 2001) (one element of Article III's standing test is the likelihood that the injury will be redressed by a favorable decision). In fact, it would make him worse off by invalidating his copyright.

Putting aside this initial point, and assuming Plaintiffs' designs are similar in appearance to the third-party designs (which the Court finds they are not, *see generally* docket no. 33, ex. F), Anderson's argument fails because similarity between works of art, by itself, is not a sufficient basis for invalidating an otherwise valid copyright. The hallmark of copyright protection is "originality." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* So, as long as the work is original, it can be protected by a copyright. Furthermore, "a work may be original even though it closely resembles other works so long as the similarity is fortuitous, [and] not the result of copying." *Id.* Anderson makes no claim that Plaintiffs' copyrights are not original to Plaintiffs or created by Plaintiffs. Moreover, his mere assertion of the

similarity between Plaintiffs' copyrighted design and the prior third-party designs, unsupported by any evidence or allegations that Plaintiffs slavishly copied the copyrighted design, further undercuts his purported invalidity defense.

Anderson also filed a motion in opposition to Plaintiffs' request for an extension in responding to Anderson's motion to set aside the default judgment. The proper way to respond to a motion is with a response, not a separate motion. Even if the Court were to look past this technical blunder and consider Anderson's motion as a response, it was filed one month after Plaintiffs filed their motion and well after the Court granted the motion, so Anderson's motion is both untimely, *see* E.D. Mich. LR 7.1(e)(1)(B) (providing 14-day response period for non-dispositive motions), and moot.

III.   Plaintiffs' Request for Damages

In the Court's August 24, 2009 Opinion and Order granting Plaintiffs' motion for default judgment, the Court ordered that discovery on the question of Plaintiffs' damages (if any) would be permitted for 75 days, starting on the date of the Court's order. Docket no. 21, at 7. The Court also ordered that within 90 days of the entry of its order, Plaintiffs "shall" file on the docket an election between actual damages and statutory damages. *Id.* 90 days of the date of the order has long since passed, and the Court has not received any filing with respect to damages on behalf of Plaintiffs, nor has the Court received a request for an extension. The Court regards this failure as a waiver of Plaintiffs' ability to seek any damages in this case. The Court will enter a final judgment and the matter will be closed.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to set aside the default judgment (docket no. 27) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendant's motions to dismiss (docket nos. 25, 29, 34, and 38) are **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendant's motion to refuse Plaintiffs' extension (docket no. 31) is **DENIED** as moot.

This matter is closed.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 17, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager